UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT MICHAEL ATWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00922 ERW |
| ) | |
| CUPP CHEVROLET, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This Matter comes before the Court on Jonathan Lee Riches' Motion to Intervene [doc. #46].[1] Jonathan Lee Riches ("Riches") claims in his Motion that he is doing business as Bernard Madoff, and that he seeks to intervene because he "has a common vested interest in this case and newly discovered evidence. I also bought a defective Chevy Tahoe in the past. I have documents, exhibits, and receipts related to this case."

This action involves claims for breach of implied warranty, breach of express warranty, and breach of contract due to alleged defects in Chevrolet Avalanches. Riches is a *pro se* prisoner

---

[1] This matter is currently stayed because Defendant General Motors Corporation has filed a voluntary petition seeking bankruptcy protection under 11 U.S.C. § 101, *et seq.* A petition for bankruptcy will operate as a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a). As a result, the Court must examine the effect of the bankruptcy filing on the Court's ability to consider the pending Motion.
"[I]n addition to protecting the relative position of creditors," the bankruptcy stay exists "to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." *Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996).
A ruling on the motion for remand to state court will not disrupt the order of creditors in bankruptcy, or interrupt the breathing period afforded to the Defendant. *See MTGLQ Investors, L.P. v. Guire*, 286 F.Supp.2d 561, 563 (D. MD. 2003); *Winters*, 94 F.3d 133. The Court's decision does not continue the case in any significant manner. *See* 11 U.S.C. § 362(a). Such a motion in no way affects the rights and duties of the Parties. As a result, the Court finds that the Motion to Intervene may be addressed by the Court.

incarcerated at the Federal Medical Center in Lexington, Kentucky.  Riches is well known for filing frivolous lawsuits in district courts around the country.  *See Riches v. Maxim Magazine*, 2009 WL 1578709, at *1 (E.D. Mo. June 4, 2009) ("Jonathan Lee Riches [filed] 989 actions between February 2006 and February 2008").  He has no apparent connection to this case, and his motion fails to provide any legitimate basis for intervention.

**IT IS HEREBY ORDERED** that the Motion to Intervene [doc. #46] is **DENIED.**

Dated this 17th day of August, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE